UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

CAROL LEROY COTTON, III.           CIVIL ACTION NO. 22-1269-P

VERSUS                           CHIEF JUDGE HICKS

WARDEN                        MAGISTRATE JUDGE HORNSBY

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

STATEMENT OF CLAIM

Before the court is an application for writ of habeas corpus petition filed by pro se petitioner Carol Leroy Cotton, III ("Plaintiff"), pursuant to 28 U.S.C. § 2254. This complaint was received and filed in this court on May 11, 2022. Petitioner is incarcerated at the Bossier Maximum Security Center in Plain Dealing, Louisiana for charges not challenged in this petition. He names the Warden as respondent.

Petitioner was charged with statutory rape in December of 2005. He claims he did not appear before a judge for more than a week. He asked an officer at the jail why he had not seen a judge, been appointed a lawyer, or had a bail hearing. Petitioner claims that one hour later he was escorted to booking and charged with carnal knowledge of a juvenile based on the information from the statutory rape charge and the statutory rape charge was dismissed. He claims he was then taken to his 72 hour hearing.

Petitioner told his attorney he wanted to take his case to trial. He claims his attorney replied that he would be found guilty because of the statement he made when he was questioned. He claims he told his attorney that the DNA would prove that he did not have sex with the girl and that he made the story up because he was told that he would be charged with a misdemeanor, cardinal knowledge of a juvenile, if he stated he had sex with her. Petitioner admits he kissed the girl and believed that she was 19 years old. He asked for a motion for discovery and his attorney told him that he was only entitled to one free copy and he had it. Petitioner claims he never saw the motion and it may have contained proof of his innocence.

Petitioner's son was born on November 4th with breathing issues. He claims that when he left the house, he went straight to LSU Hospital to see his son. He claims the surveillance video at LSU Hospital could prove the date and time. Petitioner claims he was stressed and awake for two to three weeks on methamphetamine prior to his arrest when he was questioned at the Bossier City Police Department.

Petitioner claims that when he was selecting his jurors, his attorney kept sliding the lawbook toward him and pointing out that ignorance of age is no defense. He claims his attorney kept telling him he was not going to win because of the statement he made to the detectives. He claims that during a recess, his attorney took him to a small room with his father. He told them that the District Attorney was mad at him because of the stolen firearms that were not recovered. He also told him that if Petitioner went to trial, the judge

Page **2** of **8**

would find him guilty based on his statement and would sentence him to ten years imprisonment. He claims his attorney told him that if pleaded guilty he would receive a seven year sentence and would only have to serve three and a half years of the sentence.

Petitioner agreed to plead guilty to carnal knowledge of a juvenile in the Louisiana Twenty-Sixth Judicial District Court, Parish of Bossier, and be sentenced to seven years incarceration. He told the judge he was promised that he would only serve three and a half years of the seven year sentence. The judge then asked him if he had been convicted of a sex crime and he told the judge no, but he had been convicted of burglaries. He claims the judge then explained to him that he was eligible for good time, but he could lose it because of disciplinary reasons. Plaintiff claims the judge then sentenced him to seven years incarceration.

Petitioner claims that several months later he received his rap sheet and noticed that he did not receive good time. He then filed a motion to correct and amend sentence and/or reconsider sentence which was denied. Petitioner filed no appeals or other motions and served his seven year sentence.

Petitioner claims he has now learned that if a person has a prior conviction for burglary prior to a conviction for a sex offense, the person cannot receive good time. He claims he also learned that if a person is convicted of a sex crime after 1999, the person cannot receive good time. He claims the judge and his attorney both knew that he would not be eligible for good time.

Accordingly, Plaintiff seeks to have his conviction overturned, monetary damages, or a new trial.

**LAW AND ANALYSIS**

**Heck Claim**

Petitioner claims he was wrongly convicted and sentenced.  Petitioner is seeking monetary damages for an allegedly unconstitutional conviction and sentence.  The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).  Heck involved a civil rights claim brought by a state prisoner.  The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Page **4** of **8**

Petitioner is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove his conviction or sentence have been invalidated.  He has not met this precondition and his civil rights claims must be dismissed until such time that he can demonstrate that his conviction or sentence have been invalidated.

**Habeas Claim**

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.  A petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).  If the sentence has fully expired before the habeas petition is filed, then the petitioner is not in "custody" and the federal court has no jurisdiction over the petition. Maleng v. Cook, Id. at 491.  Petitioner admits in his petition that the conviction and sentence he seeks to challenge in this petition expired. Accordingly, Petitioner has failed to establish that he is in custody for the purposes of a habeas attack because the sentence imposed for his carnal knowledge of a juvenile conviction has already expired.  Thus, Petitioner has failed to state a cause of action under 28 U.S.C. § 2254.

Accordingly, this court lacks subject matter jurisdiction over Petitioner's habeas claims.

**CONCLUSION**

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Petitioner's civil rights claims to be frivolous it may dismiss them as such at any time,

Page **5** of **8**

before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Petitioner's civil rights claims seeking monetary damages for his allegedly unconstitutional conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.  **IT IS FURTHER RECOMMENDED** that Petitioner's request for habeas relief be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 19th day of October, 2022.

Page **7** of **8**

Mark L. Hornsby
U.S. Magistrate Judge

Page **8** of **8**